IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

FILED/REC'D
2022 MAY 25 P 4:59
CLERK OF COURT
U.S. DISTRICT COURT
WD OF WI

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| | INDICTMENT |
| v. | |
| | Case No. 22 CR 070 WMC |
| JEROD HECIMOVICH, | 18 U.S.C. § 641 |
| | 18 U.S.C. § 1361 |
| Defendant. | 18 U.S.C. § 1852 |

THE GRAND JURY CHARGES:

## COUNT 1

1. At times material to this indictment:

   a. Defendant JEROD HECIMOVICH owned and operated Hecimovich Forest Products, LLC [HFP] and worked as a timber logger in northern Wisconsin. HECIMOVICH operated a high-speed disc saw (also known as a hot saw) at HFP and was responsible for cutting down trees. HECIMOVICH had different HFP employees delimb, process, stack and transport the cut timber to various sawmills. HECIMOVICH contracted with private land-owners as well as federal, state, and county governments to harvest timber on their lands.

   b. The Chequamegon-Nicolet National Forest (CNNF) was a national forest that covered more than 1.5 million acres in northern Wisconsin. The CNNF

included lands within 11 counties. The Chequamegon side of the CNNF covered 858,400 acres in Ashland, Bayfield, Sawyer, Price, Taylor, and Vilas counties. The CNNF was publicly owned by the United States, and managed by the U.S. Forest Service for various purposes including forestry, wildlife habitat, outdoor recreation, fisheries management, and wilderness and natural areas management. This responsibility included contracting with loggers to harvest certain timber located on the CNNF according to specific conditions as set forth in a logging contract.

      c.     The Northwest Sands Restoration Project was an effort to restore the Moquah Barrens pine barrens ecosystem in northern Wisconsin, parts of which lie in the CNNF. In 2009, the U.S. Forest Service completed a 22,600-acre management plan to restore the forest structure, plant and animal species composition, and fire regime in an effort to support the pine barrens ecosystem in the CNNF. The activities to achieve this objective included the use of prescribed burns, timber harvests, invasive species removal and native seed plantings. Funding for the restoration project would be paid for by timber harvest sales.

      d.     In March 2019, the U.S. Forest Service solicited bids for harvesting timber on 486 acres of land located in the CNNF in Bayfield County, Wisconsin. This contract was known as the Slush Bucket Timber Sale contract. The 486 acres included in the Slush Bucket Timber contract were located in the Northwest Sands Restoration Project management area, which meant that certain stewardship obligations were mandated as part of the harvest. In order to achieve the objective of a pine barrens restoration, the stewardship plan required portions of the Slush Bucket Timber acreage

to be developed into an oak woodland with mature trees that could be maintained by use of prescribed fire.

   e. The Slush Bucket Timber contract was split into 13 different parcels known as payment units ranging in size from 8 acres to 88 acres. Each payment unit had its own harvesting requirements that followed the stewardship plan objectives. Payment unit 8 was approximately 88 acres of timber comprised of a 76-year-old red oak stand that included northern red oak, red maple, bigtooth aspen, quaking aspen, paper birch, and scrub oak. The harvesting requirements for payment unit 8 included among other things:

   (1) Remove dead oak and live jack pine and hardwood (including aspen) except live oak with a 9.5 inches diameter breast height (DBH) and greater.

   (2) Boundary trees marked with an orange "T" shall not be cut.

   (3) Stump heights shall be 6 inches above ground level for oak with a DBH of 11.6" or less.

   (4) Stewardship Project specifications required that: (a) the contractor must remove from the cutting unit no less than 90% of all topwood, which is defined as all woody material originating from trees designated for cutting that do not meet the exception of live oak with a 9.5 inches DBH or greater which shall not be harvested; (b) the contractor must also cut and remove from the cutting unit no less than 90% of all standing, live hardwood trees greater than 3 inches but less than 4.9

inches DBH; and (c) no purchaser-generated slash shall lie within 15 feet of trees to remain after harvest.

   f. On April 11, 2019, the U.S. Forest Service (USFS) awarded the Slush Bucket Timber Sale contract to HECIMOVICH. Prior to executing the contract, on August 21, 2019, a member of the USFS met with HECIMOVICH to ensure he understood the harvesting requirements for each payment unit in the contract. The USFS timber sales administrator released payment unit 8 for harvesting on August 24, 2021.

   g. On October 7, 2021, the USFS timber sales administrator visited payment unit 8 and determined that HECIMOVICH had violated the harvesting requirements by cutting a large quantity of timber that did not meet the parameters of the payment unit 8 contract. The USFS timber sales administrator ordered HECIMOVICH to cease all harvesting action on payment unit 8.

 2. From on or about August 24, 2021, to on or about October 7, 2021, in the Western District of Wisconsin, the defendant,

JEROD HECIMOVICH,

knowingly stole, purloined, and converted to his own use certain property having a value in excess of $1,000, specifically: live oak timber with a 9.5-inch DBH or greater located in payment unit 8, which was owned by the United States, and managed by the U.S. Forest Service.

   (In violation of Title 18, United States Code, Section 641).

## COUNT 2

1. Paragraph 1 of Count 1 is incorporated here.

2. From on or about August 24, 2021, to on or about October 7, 2021, in the Western District of Wisconsin, the defendant,

### JEROD HECIMOVICH,

willfully and knowingly injured and committed certain depredations against property of the United States, by cutting live oak timber with a 9.5-inch DBH or greater located in payment unit 8, which was owned by the United States, and managed by the United States Forest Service, thereby causing damage in excess of $1,000.

(In violation of Title 18, United States Code, Section 1361).

## COUNT 3

1. Paragraph 1 of Count 1 is incorporated here.

2. From on or about August 24, 2021, to on or about October 7, 2021, in the Western District of Wisconsin, the defendant,

### JEROD HECIMOVICH,

knowingly cut and removed with the intent to dispose, live oak timber with a 9.5-inch DBH or greater growing on public land in payment unit 8, which was owned by the United States, and managed by the United States Forest Service.

(In violation of Title 18, United States Code, Section 1852).

## FORFEITURE ALLEGATION

1. Upon conviction of Count 1 of this indictment, the defendant,

JEROD HECIMOVICH,

shall forfeit to the United States, pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982 and 28 U.S.C. § 2461(c), any property constituting or is involved in, or is derived from proceeds traceable to the above-referenced offense, including but not limited to the following:

    a.    A sum of money equal to $24,736 in United States currency, representing the amount of proceeds obtained as a result of theft of government property, as charged in Count 1 of the indictment.

2. If any of the above-described forfeitable property, as a result of any act or omission of the defendant --

    (a)    cannot be located upon the exercise of due diligence,

    (b)    has been transferred or sold to, or deposited with, a third party,

    (c)    has been placed beyond the jurisdiction of the court,

    (d)    has been substantially diminished in value, or

    (e)    has been commingled with other property which cannot be subdivided without difficulty,

the United States shall be entitled, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to forfeiture of substitute property up to the value of the above forfeitable property.

(In violation of Title 18, United States Code, Sections 981(a)(1)(C), 982 and
Title 28, United States Code, Section 2461(c)).

A TRUE BILL

_____
PRESIDING JUROR

Indictment returned: 05-25-2022

_____
TIMOTHY M. O'SHEA
United States Attorney